IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 6:22-CR-60021-001 |
| ) | |
| SAMUEL BOLLING, JR. ) | |

**PROTECTIVE ORDER CONCERNING**
**CHILD VICTIM AND WITNESS PRIVACY**

In accordance with 18 U.S.C. §§ 3509(d)(3) and 3771(a)(8) and Federal Rule of Criminal Procedure 49, and upon the request of the Parties, the Court hereby enters the following protective order:

1. The Defendant, SAMUEL BOLLING, JR., has been charged by indictment with one count of Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. §§ 1201(a)(1) and (c), and one count of Kidnapping, in violation of 18 U.S.C. §§ 2, 1201(a)(1) and (g)(1).

2. The United States has produced and will continue to produce or make available discovery material to Defense Team as defined in paragraph 9. In order to do so, while at the same time avoiding the unauthorized dissemination of information that identifies or could be used to identify a child victim or witness (hereinafter, "Sensitive Information"), the Parties have asked the Court to enter this Protective Order. This Protective Order is designed to protect Sensitive Information from inadvertent or unauthorized disclosure, which the United States believes could violate 18 U.S.C. §§ 3509(d)(3) and 3771(a)(8).

3. Any and all discovery materials produced to the Defendant shall be reviewed by only (i) the defendant; (ii) counsel of record, (iii) employees of counsel of record. The Defendant shall not disclose the contents of any discovery material to any individual or entity except as provided herein, or as agreed to by the parties with the Court's permission, or as furthered ordered

by the Court. <u>Any photographs or interviews of the victim in this case shall be kept in the custody of counsel of record at all times. At no time shall the Defendant have possession of these materials outside of the presence of counsel of record.</u>

    4.    Should the Defendant include discovery materials or their contents in a pleading or other court filing, that document shall be filed under seal.

    5.    Title 18, U.S. Code, Section 3509(d) states as follows:

**(d) Privacy protection.--**

> **(1) Confidentiality of information.--(A)** A person acting in a capacity described in subparagraph (B) in connection with a criminal proceeding shall--
>
>> **(i)** keep all documents that disclose the name or any other information concerning a child in a secure place to which no person who does not have reason to know their contents has access; and
>>
>> **(ii)** disclose documents described in clause (i) or the information in them that concerns a child only to persons who, by reason of their participation in the proceeding, have reason to know such information.
>
> **(B)** Subparagraph (A) applies to--
>
>> **(i)** all employees of the Government connected with the case, including employees of the Department of Justice, any law enforcement agency involved in the case, and any person hired by the Government to provide assistance in the proceeding;
>>
>> **(ii)** employees of the court;
>>
>> **(iii)** the defendant and employees of the defendant, including the attorney for the defendant and persons hired by the defendant or the attorney for the defendant to provide assistance in the proceeding; and
>>
>> **(iv)** members of the jury.
>
> **(2) Filing under seal.--**All papers to be filed in court that disclose the name of or any other information concerning a child shall be filed under seal without necessity of obtaining a court order. The person who makes the filing shall submit to the clerk of the court--
>
>> **(A)** the complete paper to be kept under seal; and

> **(B)** the paper with the portions of it that disclose the name of or other information concerning a child redacted, to be placed in the public record.
>
> **(3) Protective orders.**--**(A)** On motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child.
>
>> **(B)** A protective order issued under subparagraph (A) may--
>>
>>> **(i)** provide that the testimony of a child witness, and the testimony of any other witness, when the attorney who calls the witness has reason to anticipate that the name of or any other information concerning a child may be divulged in the testimony, be taken in a closed courtroom; and
>>>
>>> **(ii)** provide for any other measures that may be necessary to protect the privacy of the child.
>
> **(4) Disclosure of information.**--This subsection does not prohibit disclosure of the name of or other information concerning a child to the defendant, the attorney for the defendant, a multidisciplinary child abuse team, a guardian ad litem, or an adult attendant, or to anyone to whom, in the opinion of the court, disclosure is necessary to the welfare and well-being of the child.

6.  Title 18, U.S. Code, Section 403 states that "[a] knowing or intentional violation of the privacy protection accorded by section 3509 of this title is a criminal contempt punishable by not more than one year's imprisonment, or a fine under this title, or both."

7.  This Protective Order applies to all Discovery. For the purposes of this Protective Order, the term "Discovery" refers to any written documentation, electronic data, video or audio recordings, or any other materials provided by the United States to the Defense Team (as defined below) in connection with this case, including any copies that might be made of such materials.

8.  For the purposes of this Protective Order, the term "Defense Team" refers to (1) the Defendant, (2) the Defendant's counsel and any attorneys or employees of the Defendant's counsel assigned to work on this matter, and (3) any other defense paralegals, assistants, investigators, employees, experts, translators, or third-party contractors hired by Defendant's

3

counsel to assist with this case. "Defense Team" includes any subsequent counsel of record, should current counsel of record be relieved from this matter or should other or additional counsel be added to the Court's docket. "Defense Team" does not include any member of the Defendant's family.

9. For the purposes of this Protective Order, the term "Sensitive Information" includes any minor victim or witness's (1) name, (2) school, (3) social media names, handles, or user IDs, (4) home address, (5) birth date, (6) photographs or visual depictions, and (7) any other information required to be redacted by Federal Rule of Criminal Procedure 49.1(a).

10. The Defense Team shall maintain all Sensitive Information in a manner consistent with the terms of this Protective Order. Discovery produced to the Defense Team, regardless of form, shall be stored by the Defense Team in a secure manner in defense counsel's offices or in the offices of any co-counsel or subsequent counsel of record.

11. Any Sensitive Information that is filed with the Court in connection with pretrial motions, trial, sentencing, or other matter before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court, under 18 U.S.C. § 3509(d). Any publicly filed or disseminated documents that refer to any minor victim or witness shall do so by a generic name, such as "Minor Victim 1."

12. The Defense Team is prohibited from directly or indirectly providing access to, or otherwise disclosing the substance of, Sensitive Information to anyone not working on the defense of this case.

13. The Defense Team shall use Discovery and Sensitive Information only for the preparation and litigation of this matter, and for no other purpose. Litigation of this matter includes all pretrial, trial, post-plea sentencing and post-trial proceedings in this Court, any

appeals, and any motion filed by the Defendant under 28 U.S.C. § 2255 (including any appeals of the disposition of such a motion). Upon the final disposition of this case, any materials designated subject to the protective order shall not be used, in any way, in any other matter, absent a court order. All Discovery shall remain subject to this Protective Order unless and until this Order is modified by the Court. Upon the conclusion of any appellate or post-conviction proceedings, and upon the consent of Defendant, within 60 days the Defense team shall either (1) return any interviews of the victim to the United States Attorney's Office for the Western District of Arkansas, or (2) destroy any interviews of the victim and certify to the United States Attorney's Office that it has been destroyed. The United States Attorney's Office will maintain these interviews as mandated by law and procedure.

14. Counsel for Defendant represents that they have discussed this Protective Order with their client, who agrees to be bound by all its terms. Defendant and his counsel are required to give a copy of this Protective Order to all individuals engaged or consulted by defense counsel to assist in this case.

15. By agreeing to the entry of this Protective Order, Defendant and the Defense Team do not concede—and expressly reserve the right to contest—that any of the United States' allegations against the Defendant are true or that any of Defendant's actions would have resulted in any person becoming a victim.

SO ORDERED:

Date: 11/29/2022
Hot Springs, Arkansas

Hon. Susan O Hickey
Chief United States District Judge

WE ASK FOR THIS:

5

DAVID CLAY FOWLKES
UNITED STATES ATTORNEY

By: *Carly Marshall*
Carly Marshall
Bryan Achorn
Assistant United States Attorney

*Bruce D. Eddy*
Bruce Eddy
Counsel for Samuel Bolling, Jr.

6